United States District Court
For the Northern District of California

*E-FILED: May 16, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

QIANG HUA,

        Plaintiff,

  v.

SUPERMICRO COMPUTER, INC.,

        Defendant.
_____/

No. C13-01303 HRL

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

**[Dkt. 8]**

Plaintiff Qiang Hua ("Hua"), proceeding *pro se*, sues his former employer, Super Micro Computer, Inc. ("Super Micro"), for alleged workplace discrimination, retaliation, and other unfair treatment. Defendant removed this suit from Santa Clara County Superior Court, asserting federal question jurisdiction. (Dkt. 1). Before the Court is plaintiff's motion for remand.[1] Pursuant to Civ. L.R. 7-1(b), the Court finds that this matter may be determined without oral argument, and the May 21, 2013 hearing is vacated. Based on the written submissions of the parties and a review of the relevant law, the Court grants plaintiff's motion to remand.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint on either diversity or federal question grounds. 28 U.S.C. § 1441.[2] If it appears at any time before final judgment that the federal court lacks subject matter

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned magistrate judge.

[2] Super Micro does not contend that jurisdiction exists based on diversity of citizenship, and the allegations in Hua's complaint do not establish diversity jurisdiction.

jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). Plaintiff's motion for remand effectively forces defendant – the party who invoked the federal court's jurisdiction – to show by a preponderance of evidence whatever is necessary to support the removal. Any doubt as to whether jurisdiction exists is normally resolved against a finding of jurisdiction. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1092 (9th Cir. 1983); *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992) ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action arises under federal law where: (1) federal law creates the claim for relief; or (2) plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006); *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009). Removal pursuant to Section 1331 is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Taylor v. Anderson*, 234 U.S. 74, 75–76, (1914) (stating that federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.").

Here, although the complaint only cites to state statutes, defendant construes plaintiff's complaint to allege a violation of Title VII of the Civil Rights Act, and on this basis asserts that this Court has federal question jurisdiction.

As an initial matter, the plaintiff's complaint on its face does not present a federal question. *See Caterpillar, Inc.*, 482 U.S. at 392. Plaintiff alleges that, while employed by Super Micro, he and two other employees filed charges with the U.S. Equal Employment Opportunity Commission ("EEOC") that reported discrimination and workplace violence. Plaintiff claims that defendant then retaliated against plaintiff because of the EEOC filing, continued to treat him unfairly and in a discriminatory manner, and ultimately terminated his employment. Plaintiff then filed another discrimination charge with the EEOC, and also with the California Department of Fair Employment

1    and Housing ("DFEH"). The complaint cites to the California Labor Code, which prohibits
2    employers from failing to take steps necessary to "protect the life, safety, and health of employees."
3    Cal. Labor Code § 6403(c); Complaint, Dtk. 1-1 ("Complaint") or ("Compl.") p. 12. The Complaint
4    also cites to California's Fair Employment and Housing Act ("FEHA"), which makes it "unlawful"
5    for an employer to terminate or otherwise discriminate against an employee because the employee
6    "opposed any practices forbidden under this part or because the person has filed a complaint,
7    testified, or assisted in any proceeding under this part." Cal. Gov. Code § 12940(h); Compl. pp. 13,
8    17. Finally, the Complaint also cites to another statute in the California Labor Code, which
9    prohibits an employer from retaliating against an employee "for disclosing information to a
10   government or law enforcement agency, where the employee has reasonable cause to believe that
11   the information discloses a violation of state or federal statute." Cal. Labor Code § 1102.5; Compl.
12   pp. 13, 17. The Complaint does not cite, or mention, Title VII of the Civil Rights Act.

13       While plaintiff's allegations might well support claims for relief under Title VII, he has
14   chosen to proceed solely under state law, and defendant may not unilaterally disturb this choice.
15   "That the same facts could have been the basis for a Title VII claim does not make [plaintiff's]
16   wrongful termination claim into a federal cause of action. [Plaintiff] chose to bring a state law claim
17   rather than a Title VII claim, and was entitled to do so." *Rains v. Criterion Systems, Inc.,* 80 F.3d
18   339, 344 (9th Cir. 1996) (citing *Pan American Petro. Corp. v. Superior Court*, 366 U.S. 656, 662-63
19   (1961) (stating that "the party who brings a suit is master to decide what law he will rely upon")
20   (quoting *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, (1913))). Under the well-pleaded
21   complaint rule, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law."
22   *Caterpillar, Inc.*, 482 U.S. 386, 392 (1987); *see also Ethridge v. Harbor House Restaurant*, 861
23   F.2d 1389, 1395 (9th Cir.1988) ("If the plaintiff may sue on either state or federal grounds, the
24   plaintiff may avoid removal simply by relying exclusively on the state law claim").

25       Super Micro argues that Hua's state law claim for retaliation will fail as a matter of law
26   because – it urges – he cannot support a state law retaliation claim which arose because he filed an
27   administrative claim with a *federal* agency (the EEOC). Defendant seems to be saying that because
28   Hua is sure to lose that claim as pled, this Court should infer – in order to "save" the claim – that
     Hua meant to invoke Title VII. Super Micro fails to convince. Plaintiff has not pled a Title VII

3

claim and makes it clear he does not intend to. If his state law retaliation claim is fatally defective (which remains to be seen) then that is his loss and defendant's gain.

The Court also rejects defendant's argument that filing an administrative claim with a federal agency transformed plaintiff's claims into federal claims. *See Ger v. Safeway, Inc.*, No. 12-CV-04612 (LHK), 2013 WL 132485, * (N.D. Cal. Jan. 9, 2013) (rejecting same argument defendant makes here and granting remand).

Finally, Title VII "does not preempt the state law claim for wrongful termination." *Rains,* 80 F.3d at 345. And, "Title VII is not a 'necessary element' of [plaintiff's] state law claims because state law independently espouses the same public policy established by Title VII." *Id.*

Given that plaintiff's complaint does not state a federal claim, and Title VII neither preempts California law nor constitutes an essential element of plaintiff's state law claims, Super Micro has failed to carry its burden of establishing federal jurisdiction. Plaintiff's motion to remand to the Superior Court for the County of Santa Clara is granted. The Clerk of the Court shall proceed accordingly.

**IT IS SO ORDERED.**

Dated: May 16, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C 13-01303 HRL Order will be electronically mailed to:**

Jeffrey Gordon McClure jeff@laborcounsel.com

Qiang Hua huaq9@yahoo.com

Stephen Thomas Davenport , Jr tom@laborcounsel.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**